Jerry S. Smith, Esq.
JERRY S. SMITH, PLLC
70 West Cushing Street
Tucson, Arizona 85701
Phone:  (520) 326-0134
E-mail: jsmith@jsslawpllc.com
SBA No.19599/PCC No.65342

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **JENTRY P. MITCHELL**, | **Case No. 4:14-CV-** |
| Plaintiff, | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **TRICO ELECTRIC COOPERATIVE, INC.**, **CAROLINE M. GARDINER and DOUGLAS KELLY, wife and husband,** | |
| Defendants. | |

   Plaintiff Jentry P. Mitchell, by and through his undersigned attorney of record, Jerry S. Smith, submits this Complaint and Demand for Jury Trial against Defendants Trico Electric Cooperative, Inc., and Caroline M. Gardiner and

1

Douglas Kelley for <u>Count One:</u> retaliation under the False Claims Act (31 U.S.C. 3730(h)); <u>Count Two:</u> breach of contract; <u>Count Three:</u> tortious interference with business expectancy; and <u>Count Four:</u> defamation.  This Complaint is filed pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 3, 7(a)1, 8(a), and 38(a, b).

## Jurisdiction, Venue and Parties

1. Plaintiff Jentry P. Mitchell ("JPM") has been at all times material to this Complaint an adult resident of Pima County, Arizona and citizen of the United States of America.

2. Defendant Trico Electric Cooperative, Inc. ("Trico") has been at all times material to this Complaint an Arizona corporation with its principal place of business located in Pima County, Arizona.

3. Defendant Caroline M. Gardiner ("CMG") has been at all times material to this Complaint:

   A. employed by Trico as its Manager, Finance and Administration, which is a senior management position;

   B. acting in her official capacity and on behalf of Trico;

   C. acting on behalf of the marital community of her husband, Douglas Kelly, and herself; and

   D. an adult resident of Pima County, Arizona and a citizen of the United States of America.

4. JPM seeks relief herein for his claims for violation of 31 U.S.C. 3730(h) and his state law claims for breach of contract, tortious interference with business expectancy and defamation.

2

5. Based upon the foregoing, the United States District Court for the District of Arizona has jurisdiction over all of JPM's claims for relief in this Complaint because:

    A. Count One is a claim for relief for violation of 31 U.S.C. 3730(h), giving this Court original jurisdiction for this claim pursuant to 28 U.S.C. 1331; and

    B. Counts Two, Three and Four are state law claims for breach of contract, tortious interference with business expectancy and defamation arising from the same core facts as Count One, and therefore this Court has supplemental jurisdiction for these claims pursuant to 28 U.S.C. 1367.

6. All events alleged herein occurred in Pima County, Arizona, and Pima County is the domicile of all Defendants.

7. Based upon the foregoing, the United States District Court for the District of Arizona, Tucson Division, is the appropriate venue pursuant to 28 U.S.C. 1391(b).

## Facts Supporting All Claims

8. Trico is a non-profit, member-owned electric cooperative serving the residents of Marana, Arizona and surrounding areas.

9. In or about December 2010, Trico hired JPM as a Senior Purchasing Agent.

10. On or about July 20, 2011, Trico promoted JPM to Supervisor of Facilities and Purchasing.

11. As Supervisor of Facilities and Purchasing, JPM reported directly to CMG.

12. JPM was responsible for negotiation, procurement, and payment with respect to all large scale supply agreements, among other related duties.

13. During the course of performing his professional duties for Trico as Supervisor of Facilities and Purchasing, JPM discovered conflicts of interest involving Trico employees and multiple internal USDA-Rural Utility Service contracting violations, all constituting a pattern of unlawful and fraudulent conduct resulting in financial losses to the federal government.

14. On or about August 4 and 5, 2011, JPM reported to Trico management this unlawful and fraudulent conduct.

15. JPM and Trico then proceeded to negotiate JPM's separation from employment with Trico.

16. The negotiations between JPM and Trico resulted in a Confidential Settlement Agreement, Release and Waiver (the "Agreement").

17. The Agreement provides that Trico will give JPM's prospective employers a limited "neutral reference" about him by only (a) confirming his dates of employment, (b) his position held, and (c) his rate of pay.

18. The Agreement expressly prohibits any senior manager of Trico, including the Manager, Finance and Administration, to provide information beyond such neutral reference about JPM, specifically defining such statement as a "material breach" of the Agreement.

19. In or around July 2016, JPM applied for the position of Procurement Officer with the Town of Marana, Arizona. JPM advanced his application by successfully completing two interviews and receiving positive feedback from his interviewers.

20. On or about August 11, 2016, CMG, in her capacity as Manager, Finance and Administration, had a telephone conversation about JPM with Erik Montague, Director of Finance for the Town of Marana.

21. In that conversation, CMG told Mr. Montague, among other falsehoods, that JPM had "instigated substantial conflict" which was the "sole stimulus" for his departure from Trico. Ms. Gardiner falsely described JPM's departure from Trico as a "period of major conflict" which he (JPM) created.

22. CMG also told Mr. Montague that he (Mr. Montague) should ask JPM specific questions about how JPM's employment ended at Trico and "cautioned" Mr. Montague against considering JPM as an applicant.

23. In a telephone interview the following day, August 12, 2016, Mr. Montague relayed to JPM the conversation he (Mr. Montague) had with CMG the day before. Mr. Montague questioned JPM about his employment at Trico with specificity, using the information he (Mr. Montague) was given by CMG. Mr. Montague repeatedly pressed JPM about CMG's false statement that Mr. Mitchell instigated conflict.

24. While the Town of Marana offered JPM the position on August 12, including giving JPM a specific reporting time, it abruptly rescinded the offer several days later on August 16, 2016, stating that he (JPM) was "not a good fit with the culture and values of the Town of Marana."

25. CMG's statements to Mr. Montague about JPM:

    A. were in retaliation for having reported unlawful and fraudulent conduct pursuant to federal law;

    B. were knowingly false;

    C. materially breached the Agreement; and

D. were intended to interfere with JPM's business relationship with the Town of Marana.

26. CMG's false statements and her statements in material breach of the Agreement resulted in the rescission of the offer of employment by the Town of Marana, causing JPM significant loss of income.

27. CMG's false statements and her statements in material breach of the Agreement caused JPM to suffer emotional distress, depression, embarrassment, humiliation, fear as to how he will continue to support himself, and deprived him of an improved standard of living.

28. The conduct of CMG constituted both tortious interference with business expectancy and defamation (slander) by damaging JPM's reputation in the community.

29. CMG's conduct was done with an evil mind to harm JPM's livelihood and career. Therefore, JPM is entitled to recover punitive damages.

## Relief Requested

Based upon the foregoing, Plaintiff Mitchell respectfully requests the following relief:

### Count One: Retaliation in Violation of the False Claims Act, 31 U.S.C. 3730(h)
### (against Defendant Trico only)

A. Injunctive relief, as provided for by 31 U.S.C. 370(h)2.

B. Twice the sum of his lost gross earnings as the result of the retaliation by Trico, for the period of August 22, 2016 through the date of judgment.

C. Special damages and any other damages necessary to make JPM whole in an amount to be determined by the trier-of-fact.

D. Reasonable attorneys' fees incurred herein, pursuant to 31 U.S.C. 3730(h)(2), FRCP Rule 54(d)2, and LRCiv Rule 54.2.

E. Taxable costs incurred herein, pursuant to FRCP Rule 54(d)1, LRCiv Rule 54.1, 31 U.S.C. 3730(h)2, and 28 U.S.C. 1920.

## Count Two: Breach of Contract
### (against Defendant Trico only)

A. Consequential damages for breach of contract, including loss of income, in an amount to be determined by the trier of fact.

B. Reasonable attorneys' fees pursuant to A.R.S. 12-341.01 and A.R.S. Rules of Civil Procedure, Rule 54(g).

C. Taxable costs pursuant to A.R.S. 12-341 and 12-332 and A.R.S. Rules of Civil Procedure, Rule 54(f)1.

## Count Three: Tortious Interference with Business Expectancy
### (against Defendants Trico and Gardiner)

A. General and compensatory damages in an amount to be determined by the trier of fact.

B. Punitive damages in an amount to be determined by the trier of fact.

C. A preliminary and (ultimately) a permanent injunction to restrain the Defendants from providing anything other than a neutral reference to Plaintiff's prospective employers as defined by the Agreement.

D.	Taxable costs pursuant to A.R.S. 12-341 and 12-332 and A.R.S. Rules of Civil Procedure, Rule 54(f)1.

### Count Four: Defamation
### (against Defendants Trico and Gardiner)

A.	General and compensatory damages in an amount to be determined by the trier of fact.

B.	Punitive damages in an amount to be determined by the trier of fact.

C.	A preliminary and (ultimately) a permanent injunction to restrain the Defendants from providing anything other than a neutral reference to Plaintiff's prospective employers as defined by the Agreement.

D.	Taxable costs pursuant to A.R.S. 12-341 and 12-332 and A.R.S. Rules of Civil Procedure, Rule 54(f)1.

Respectfully submitted this 2nd day of November, 2016.

JERRY S. SMITH, PLLC


/s/ Jerry S. Smith
Jerry S. Smith
Attorney for Plaintiff